IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | |
| ) | |
| v. ) | Case No. 94-10001-02-WEB |
| ) | -WEB |
| TERRY W. ROSS, ) | |
| ) | |
| Petitioner/Defendant. ) | |
| ) | |

MEMORANDUM AND ORDER

NOW before the Court is the motion of the petitioner Terry W. Ross pursuant to 28 U.S.C. § 2255. The court has reviewed the petition and the file. Because these materials conclusively show the defendant is not entitled to relief, the Court finds that no hearing on the matter is required.

*I. Background*

Terry W. Ross was indicted on January 27, 1994 in a four Count Indictment. (Doc. 22). The case proceeded to trial, and on July 25, 1994 the defendant was found guilty as to Count One, Count Two, and Count Four. The defendant was found not guilty as to Count Three. (Doc. 83). The defendant was sentenced to 168 months imprisonment as to Count One and Two, to run concurrently, and 60 months imprisonment as to Count Four, to run consecutively to Count One and Two. The defendant was ordered five years supervised release pending release from prison. (Doc. 99). Although the defendant asserts he did not file a direct appeal or any other post-conviction motions or petition, the court record reflects differently. The defendant filed a direct

1

appeal, and the case was remanded for re-sentencing on Count Four.  (Doc. 134).  The court vacated the sentence on Count 4, and Count 1 and Count 2 remained the same at 168 months imprisonment, concurrent.  (Doc. 140).  The defendant then filed a petition under 28 U.S.C. 2255.  (Doc. 144).  The petition was denied.  (Doc. 149).  The defendant then filed another petition pursuant to 28 U.S.C. 2255.  (Doc. 150).  The Court transferred the case to the Tenth Circuit Court of Appeals for an Order authorizing the district court to consider the motion.  (Doc. 154).  The Tenth Circuit denied the defendant's habeas corpus motion.  (Doc. 155).  The defendant was placed on supervised release April 4, 2006.  (Doc. 176).  The defendant was arrested on August 4, 2006 for Revocation Hearing.  (Doc. 178).  The defendant was order to serve twelve months imprisonment at the Revocation Hearing.  (Doc. 185).  The defendant filed this § 2255 Motion.

   *II.  Defendant's 2255 Motion*

The defendant filed a petition under 28 U.S.C. § 2255 requesting the court amend the defendant's sentence.  Specifically, the defendant requests that sentence be extended to one year and one day so he may be eligible to receive good time credit.  The defendant request the court apply the rule of lenity to his sentence.  (Doc. 186).

   *III.  Standard*

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

set aside or correct the sentence." 28 U.S.C. § 2255.

   *IV. Discussion*

a. Lenity

"A prisoner who is serving a term of imprisonment of more than one year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment..." 18 U.S.C. § 3624(b)(1).

The defendant requests the rule of lenity be applied to his sentence. The rule of lenity is not applicable unless there is a "grievous ambiguity or uncertainty in the language and structure of the Act," *Huddleston v. United States*, 415 U.S. 814, 831, 94 S.Ct. 1262, 1272, 39 L.Ed.2d 782 (1974), such that even after a court has " 'seized everything from which aid can be derived,'" it is still "left with an ambiguous statute." *Unites State v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971) (quoting *United States v. Fisher*, 2 Cranch 358, 386, 2L.Ed. 304 (1805)). The principle of lenity is founded on two firmly rooted ideas in this country's tradition: "First, a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed...Second...legislatures and not courts should define criminal activity." *Bass*, 404 U.S. at 348, 92 S.Ct. 515. The rule of lenity applies "not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose." *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).

The rule of lenity does not apply to 18 U.S.C. § 3624(b), as it is neither a substantive criminal statute nor does it prescribe the punishment imposed for a violation of such a statute.

*Wright v. Federal Bureau of Prisons*, 451 F.3d 1231, 1236 (10th Cir.2006).  Sentencing credits are awarded to those prisoners who behave in prison, awarded to ensure administrative order in prisons, not to further the punitive goals of the criminal law.  Further, neither of the rule's principles are at issue here, as § 3624(b) does not result in any lack of notice to potential violators of the law of the scope of the punishment.  *Sash v. Zenk*, 428 F.3d 132, 134-5, (2nd Cir.2005).

b.  Sentence

The Sentencing Commission has created a Revocation Table of recommended sentencing ranges tied to the severity of the defendant's violation and his criminal history for the sentencing following a revocation hearing.  § 7B1.4(a) See U.S.S.G. Ch. 7, Pt. A, § § 3,4.  The sentencing judges are to give the statements great weight, but the statements are non-binding on the judge.  *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir.2004).   "The court may, after considering the factors set forth in § 3553(a), revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision.  18 U.S.C. § 3583(3)(3).  The defendant was placed on supervised release after his term of imprisonment.  At the Revocation Hearing, the defendant admitted guilt to violation of the conditions of the terms of supervision.  (Doc. 184).  The Court ordered the defendant committed to the custody of the Unites State Bureau of Prison for a period of twelve months.  The defendant was originally ordered to complete 60 months of supervised release.  (Doc. 176).   As the defendant had only served four months of a 60 month supervised release period, the twelve month prison sentence was appropriate.

The defendant specifically asks this court to add a day to his sentence. The defendant cites no authority which allows this court to amend a final judgment. Further, if this court had jurisdiction to amend the final judgment, the court would not do so.

*V. Conclusion*

The defendant's request that the court apply the rule of lenity to his sentence is denied, as the rule of lenity does not apply to 18 U.S.C. § 3624(b). The sentence imposed by the court was appropriate.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's motion for relief under the provision of 28 U.S.C. § 2255 (Doc. 186) be DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 12th day of June 2007, at Wichita Kansas.

       s/ Wesley E. Brown_____
       Wesley E. Brown
       U.S. Senior District Judge